## SHAW v. STATE. (No. 7872.)

(Court of Criminal Appeals of Texas. Nov. 7, 1923.)

**1. Intoxicating liquors ☜167—Accused guilty of sale, whether he acted alone or with another.**

Whether accused acted alone or with another in selling intoxicating liquor, he was guilty of selling it.

**2. Criminal law ☜695(2)—Objection that evidence was irrelevant and immaterial held too general.**

In a prosecution for selling intoxicating liquor, objection to evidence that marked money was given by an officer to witness to purchase the liquor, on the ground it was irrelevant and material, held too general.

**3. Criminal law ☜417(2) — Testimony concerning marking of money not objectionable, because relating to matters not in presence of accused.**

In a prosecution for selling intoxicating liquor, an officer's testimony that he marked certain bills and gave them to witness to purchase liquor, part of which money was found on accused's person, was not objectionable as irrelevant, immaterial, and constituting transactions out of the presence of accused.

**4. Criminal law ☜507(4) — Officers using marked money to purchase liquor were not accomplices.**

That officers gave witness marked money, and that he gave it to J., who took it, and with it purchased liquor from accused, did not make the officers accomplices.

**5. Intoxicating liquors ☜167—Owner of whisky receiving proceeds of another's sale held liable under law of principals.**

If one W. priced and sold whisky belonging to accused, and received the pay, and accused received the money that accrued from the sale, he was guilty under the law of principals.

**6. Intoxicating liquors ☜236(11)—Evidence held to support conviction for sale of liquor.**

Evidence held to support conviction for illegal sale of intoxicating liquor.

Appeal from District Court, Falls County; Prentice Ottorf, Judge.

Ben Shaw was convicted of selling intoxicating liquors, and he appeals. Affirmed.

W. E. Rogers, of Marlin, for appellant.

Tom Garrard, State's Atty., of Midland, and Grover C. Morris, Asst. State's Atty., of Devine, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Falls county of selling intoxicating liquors, and his punishment fixed at one year in the penitentiary.

[1] Officers gave Cornelius Huckleby some marked money; he turned it over to Proctor Jackson, who went to where appellant and another negro were and paid the money to one, and, as he claimed, obtained the liquor from the other. Jackson testified that the other negro told appellant to go and give him the liquor, and that he went with appellant and in the latter's wagon to a certain point, and that appellant poured him out the liquor and delivered it to him. It would be immaterial whether appellant was acting alone or with another negro in the sale of the liquor. Under these facts he would be guilty. It was in testimony that shortly afterwards appellant was arrested, and in his possession was found some of the marked money. The liquor was analyzed and tested by the state chemist and found to contain 46 per cent. of alcohol. A confession signed by the appellant was introduced in evidence against him, in which he sets out that one Briggs turned over to him the whisky in question, and that he had it in his wagon on the night in question, and that he saw Allie Washington and witness Jackson talking near his wagon, and the former told appellant that Jackson wanted a pint of whisky, and that he then let Jackson have the whisky.

[2] Appellant's first bill of exceptions complains of the fact that testimony was permitted in regard to the marked money given by the deputy city marshal to the witness Huckleby. The ground of the objection is that it was irrelevant and immaterial. The objection was too general.

[3] Another bill of exceptions complains of the testimony of the deputy city marshal that he marked certain bills and gave them to Huckleby. The objection to this was that it was irrelevant and immaterial and constituted transactions out of the presence of the appellant. There is no more force to this objection than if the owner of property was permitted to testify that he locked his store or put the property in some particular place out of the presence and hearing of the appellant.

[4] Appellant's bill of exceptions No. 5 complains of the refusal of the court to withdraw the testimony referred to in the two bills above mentioned. As we view it there is nothing in the complaint of the refusal of the charge to the jury that if the officer and witness Huckleby entered into a scheme to give the money to witness Jackson with the understanding that Jackson was to go and buy the whisky from some one else, that all of the parties would in law be accomplices. We have no disposition to extend the rules laid down in regard to accomplice testimony. That the officers gave the marked money to Huckleby, and that he gave it to Jackson, and that Jackson, took it and with it purchased liquor from appellant, would in no way make the officers accomplices within the meaning of the law.

Complaint is made because the court refused to withdraw from the jury the confes-

sion made by appellant. The bill presents no error.

[5] Appellant sought to have given to the jury an instruction that if they believed from the evidence that one Allie Washington priced and sold the whisky in controversy "belonging to Ben Shaw, to witness Prox Jackson, and that the said Allie Washington received the pay therefor, you cannot convict the defendant, although you may believe the defendant received the money that accrued from said sale." This would be entirely contrary to the well-settled rules in regard to principals, and in addition would appear to be unsupported by the facts in the instant case.

We do not regard the objection made to the introduction in evidence of the confession of the appellant, upon the ground that the offense charged against him was not affirmatively made known to appellant, to present any merit.

[6] The evidence in this case seems ample to support the conviction, and, being unable to agree to the soundness of any of appellant's contentions, an affirmance will be ordered.